4793-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

AFRICA INTERNATIONAL MINING    ) CASE NO.:
PROCUREMENT, CC, d/b/a AFRICA    )
INTERNATIONAL, a foreign corporation, )
                                 )
            Plaintiff,           )
                                 )
v.                               )
                                 )
FUEL REFORMATION, INC., a Delaware )
corporation, PHILLIP G. BROWN, an )
individual, and ROHAN MOWATT, an )
individual,                      )
                                 )
            Defendants.          )
_____  )

## COMPLAINT

Plaintiff, AFRICA INTERNATIONAL MINING PROCUREMENT, CC, doing business as AFRICA INTERNATIONAL ("Plaintiff"), hereby sues Defendants, FUEL REFORMATION, INC., a Delaware corporation ("FRI"), PHILLIP G. BROWN ("Brown"), an individual, and ROHAN MOWATT, an individual (collectively, "Defendants"), and states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, an alien corporation, is duly incorporated and existing under the laws of South Africa and having its principal place of business in X 5, Gauteng, South Africa.

2.      FRI is a corporation duly incorporated and existing under the laws of the State of Delaware and having its principal place of business in Miami-Dade County,

*Africa Int'l Mining Procurement, CC v. Fuel Reformation, Inc.*, Et Al.
Case No.:

Florida. FRI is registered with the Florida Secretary of State to conduct business in the State of Florida; regularly conducts business in the State of Florida, including Miami-Dade County, Florida; and has breached a contract in this State by failing to perform acts required by the contract to be performed in this State.

3.      On information and belief, Brown is an adult resident of Miami-Dade County, Florida, and is otherwise *sui juris*. On information and belief, he is—and, at all material times, was—President, Treasurer, Secretary, and Chief Executive Officer of FRI.

4.      On information and belief, Mowatt is an adult resident of Miami-Dade County, Florida, and is otherwise *sui juris*. On information and belief, he is—and, at all material times, was—a director of FRI.

5.      This Court has subject matter jurisdiction over this action according to Article III, Section 2, Clause 1 of the U.S. Constitution, and 28 U.S.C. § 1332(a)(2), (c)(1), based on alienage jurisdiction and diversity of citizenship, because Plaintiff is an alien corporation, and this is an action for damages exceeding $75,000.00, exclusive of interest, costs, and attorney's fees, and each of Defendants is a "citizen" of the State of Florida.

6.      Venue is proper in this judicial district according to 28 U.S.C. § 1391, because a substantial portion of the events giving rise to Plaintiff's claims occurred in this district, and one or more of Defendants conduct substantial activities within this district.

7.      All conditions precedent to the commencement of this action, if any, have been satisfied, discharged, or waived.

## FACTS COMMON TO ALL COUNTS

8.     On April 19, 2016, Plaintiff and FRI entered into an agreement (the "Purchase Agreement") under which Plaintiff purchased a Waste Oil Processing Plant ("WOPP") from FRI and FRI was required to deliver said WOPP to Plaintiff within a period of 12 to 16 weeks from the date of receiving the initial deposit from Plaintiff.  A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit "A."**

9.     Plaintiff tendered the initial deposit of $200,000.00 to FRI on April 25, 2016. Thereafter, from May 4, 2016 through February 10, 2017, Plaintiff tendered an additional $161,280.00 to FRI as required under the Agreement.

10.     To date, FRI has failed to deliver the WOPP as required under the Agreement.  After its non-performance, FRI repeatedly assured Plaintiff that it would cure its non-performance of the Purchase Agreement and that delivery of the WOPP was forthcoming.

11.     Due to FRI's breach of the Purchase Agreement, on May 21, 2018, Defendants executed a promissory note (the "Note") in favor of Plaintiff for the repayment of $600,000.00, together with interest at a rate of twelve percent (12%) per annum in the amount of $6,000.00 per month, commencing on May 31, 2018, and continuing each consecutive month thereafter until May 28, 2019, at which time the full principal amount was to become immediately due and payable.  A true and correct copy of the Note is attached hereto as **Exhibit "B."**

12.    Brown and Mowatt executed and delivered the Note to Plaintiff and personally guaranteed the obligations of FRI under the Note.  Specifically, the Note states: "We, Phillip Brown and Rohan Mowatt as individuals, agree to serve as personal guarantor of this obligation, under the terms and conditions contained herein, the Note Holder is given the right to request payment when due from either Fuel Reformation, Inc. or Phillip Brown and Rohan Mowatt as individuals."

13.    Defendants have not paid any sum toward the principal balance owed or monthly interest on the Note.  As of the date of this Complaint, the principal balance due under the Note, plus interest, remains unpaid.

14.    Brown and Mowatt have defaulted on the personal guaranty by failing to pay the full amount of the principal and interest due under the Note.

15.    On information and belief, Brown, as an individual and as an agent of FRI, is using an alias to evade service of process and intentionally concealing his whereabouts to evade service of process.  Plaintiff previously filed this lawsuit under case number 20-62078-CIV-ALTMAN/Hunt (the "First Lawsuit").  However, the First Lawsuit was dismissed without prejudice for a failure to timely serve Defendants.

16.    Plaintiff's investigations show a current address for Brown of 619 N. Andrews Avenue, #413, Fort Lauderdale, Florida 33311.  Thus, on January 28, 2021, Plaintiff attempted to serve Brown and FRI with the First Lawsuit at the 619 N. Andrews address, and an individual identifying himself as "Phillip A. Aarons" answered the door and represented to the process server that he was not Brown and that no individual by

that name resided at the property.  Upon request, this individual presented the process server with a Florida Driver License that contained a picture of himself and listed the name of "Phillip Anthony Aarons."  On information and belief, the purported Phillip A. Aarons shares the same birthday, social security number, and residential address as Phillip G. Brown.  As a result, the process server left a copy of the process with the purported Phillip A. Aarons, who is believed to be Phillip G. Brown but utilizing the alias "Phillip A. Aarons" (or *vice versa*).

17.     Additionally, on November 2, 2020, an attorney named Mike Whitticar from a Virginia-based law firm named NOVA IP Law, PLLC, contacted Plaintiff's counsel's office and indicated that he represented Defendant FRI and that he would probably also represent the other then-named Defendants, Brown and Mowatt.  He further inquired whether Brown and Mowatt had been served and, if not, indicated that he could waive service on their behalf.  A contemporaneous telephone message taken by Plaintiff's counsel's legal assistant and submitted to the undersigned counsel immediately after the message was taken is attached hereto as **Exhibit "C."**

18.     On November 3, 2020, Plaintiff's counsel spoke with Mr. Whitticar on the phone and, as best as the undersigned counsel can recall, was told by Mr. Whitticar that he would be representing all Defendants in the proceeding.  Mr. Whitticar requested that Plaintiff's counsel provide him with proposed waivers of service of process, which Plaintiff's counsel did on the same day, and ceased efforts to personally serve Defendants

with process.   *See* **Composite Exhibit "D,"** which includes the referenced e-mail correspondence.

19.     In an initial email intended to memorialize the telephone discussion, Mr. Whitticar was reminded of his statement that he represented all Defendants.  He did not respond to that e-mail, resulting in Plaintiff's counsel sending two follow-up e-mails, which were also completely ignored.  *See id.*  One of those e-mails again memorialized the telephone discussion in which Mr. Whitticar indicated that he represented all Defendants.  Since the e-mail correspondence was sent, Mr. Whitticar has not returned any of Plaintiff's counsel's telephone calls.

20.     Plaintiff has retained The Carlin Law Firm, PLLC, to represent him in this matter and has agreed to pay a reasonable fee for the representation.

## COUNT I
## BREACH OF CONTRACT
## (Against Fuel Reformation, Inc.)

21.     Plaintiff adopts, re-alleges, and incorporates by reference the allegations in Paragraphs 1 through 20.

22.     The Purchase Agreement is a valid contract.

23.     FRI breached the Purchase Agreement by failing to deliver to Plaintiff the Waste Oil Processing Plant.

24.     Because of FRI's breach of contract, Plaintiff has been damaged.

25.     Under the Section entitled "Governing Law" (appearing in paragraph 5 (c) of the Purchase Agreement), Plaintiff is entitled to recover from Defendant any

reasonable attorneys' fees, costs, and litigation expenses that it incurs in this action, if it is the prevailing party.

WHEREFORE, Plaintiff, Africa International Mining Procurement, CC, demands judgment against Defendant, Fuel Reformation, Inc., for compensatory damages, prejudgment interest, attorneys' fees, court costs, and such other and further relief as the Court deems just and proper.

**COUNT II**
**ACTION TO RE-ESTABLISH LOST NOTE PURSUANT TO § 673.3091**
**(Against Both Defendants)**

26.     Plaintiff adopts, restates, and incorporates by reference the allegations in Paragraphs 1 through 20.

27.     Plaintiff is the payee and owner of the Note.

28.     The original of the Note has been lost or destroyed.

29.     At the time the original Note was lost or destroyed, Plaintiff, as payee on the Note, was entitled to enforce the instrument.

30.     The loss of the Note was not the result of a transfer by Plaintiff or a lawful seizure.

31.     Plaintiff cannot reasonably obtain possession of the original Note because it has either been destroyed or its whereabouts cannot be determined.

32.     The Defendants named in this Complaint are the only persons known to Plaintiff who are interested in or against the re-establishment of the Note.

*AFRICA INT'L MINING PROCUREMENT, CC v. FUEL REFORMATION, INC.,* ET AL.
Case No.:

33. The Note dated May 28, 2018, made by Defendants in the principal sum of $600,000.00, has been lost or destroyed or is not in the custody or control of Plaintiff.

34. A copy of the promissory note is attached hereto as Exhibit "A."

WHEREFORE, Plaintiff, Africa International Mining Procurement, CC, respectfully requests that the Court re-establish the lost Note, award all sums due under the Note against Defendants, Fuel Reformation, Inc., and Phillip G. Brown, jointly and severally, together with attorneys' fees and court costs as authorized under the terms of the Note, and any additional relief the Court deems just and proper.

## COUNT III
## ACTION TO ENFORCE PROMISSORY NOTE
### (Against Both Defendants)

35. Plaintiff adopts, restates, and incorporates by reference the allegations in Paragraphs 1 through 20.

36. On May 21, 2018, Defendants executed and delivered the Note to Plaintiff in Broward County, Florida.

37. Plaintiff owns and holds the Note.

38. Defendants failed to pay the Note when due.

39. Defendants owe Plaintiff the principal sum of $600,000.00, together with interest since May 31, 2018.

WHEREFORE, Plaintiff, Africa International Mining Procurement, CC, demands judgment against Defendants, Fuel Reformation, Inc., and Phillip G. Brown, jointly and

*AFRICA INT'L MINING PROCUREMENT, CC v. FUEL REFORMATION, INC., ET AL.*
Case No.:

severally, for compensatory damages, prejudgment interest, attorneys' fees, court costs,

and such other and further relief in law or equity as this Court may deem just and proper.

DATED: February 9, 2022.

Respectfully submitted,

THE CARLIN LAW FIRM, PLLC
*Attorneys for Plaintiff, Africa International Mining*
*Procurement, CC*
Victoria Park Centre
1401 E. Broward Boulevard, Suite 101
Fort Lauderdale, Florida 33301
Tel.: (954) 440-0901
Primary e-mail: eservice@carlinfirm.com


By:   */s/ Justin C. Carlin*
          JUSTIN C. CARLIN, ESQUIRE
          Fla. Bar No.: 068429
          Sec. e-mail: jcarlin@carlinfirm.com
          Ter. e-mail: mpanico@carlinfirm.com